IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BELGICA VILLAMAR,

    Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.
AND KEITH G. WOLKEN,

    Defendant.

                                                      /

## NOTICE OF FILING REMOVAL

Defendants PRIMEFLIGHT AVIATION SERVICES, INC. ("Defendant PrimeFlight") and KEITH G. WOLKEN ("Defendant Wolken) (collectively "Defendants"), hereby notice the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 to the United States District Court for the Southern District of Florida, and as grounds therefore state:

**A. Timeliness of Removal**

1. On or about February 26, 2018, Plaintiff BELGICA WILLAMAR ("Plaintiff") filed a civil action against Defendants in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No: 2018-CA-002394. A copy of the entire State Court file is attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendants in this action.[1]

---

[1] Defendants were also served with discovery requests, but those were not filed with the Fifteenth Judicial Circuit and do not appear in the State Court file.

2. Plaintiff served a copy of the Complaint on Defendant PrimeFlight's registered agent on March 28, 2018 by Process Server.[2]

3. Plaintiff served a copy of the Complaint on Defendant Wolken on April 16, 2018 by Process Server.

4. Accordingly, Defendants are timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**B.  Venue**

5. The Fifteenth Judicial Circuit, in and for Palm Beach County, FL is located within the West Palm Beach Division of the Southern District of Florida.  28 U.S.C. § 89(c).  Therefore, venue is proper in the United States District Court for the Southern District of Florida, West Palm Beach Division because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**C.  First Basis for Removal:  Federal Question Jurisdiction**

6. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction over Counts IV, V, VI, and VII of the Complaint, pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[2] Defendant PrimeFlight, an Ohio corporation, utilizes the same registered agent as PrimeFlight Aviation Services, Inc., a Delaware corporation (DE PrimeFlight) that has never employed Plaintiff and is not a proper defendant to this action.  Upon information and belief, Plaintiff served a copy of the Complaint on the registered agent, CT Corporation System, without specifying the state of incorporation of Defendant PrimeFlight.  CT Corporation System sent the Complaint to DE PrimeFlight instead of Defendant PrimeFlight.  Defendant PrimeFlight is the proper employer and does not challenge service of the Complaint.

7. Count IV alleges unpaid overtime wage compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, against Defendant PrimeFlight. Count V (the sole count brought against Defendant Wolken) alleges unpaid wages in violation of the FLSA against Defendant Wolken. Count VI alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§612-634, against Defendant PrimeFlight. Count VII alleges retaliation in violation of the ADEA against Defendant PrimeFlight.

8. Plaintiff's Complaint also asserts related claims for unpaid wages under the Florida Minimum Wage Act ("FMWA"), Fl. Stat. §448 *et seq* and for age discrimination and retaliation under the Florida Civil Rights Act ("FCRA"), Fl. Stat. Ch. 760, *et seq*.

9. By asserting claims under federal law, namely, the FLSA and ADEA, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**D.     Supplemental Jurisdiction**

10. This Court has supplemental jurisdiction over Plaintiff's state law claims for age discrimination, retaliation, and unpaid wages under the FCRA and the FMWA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

11. Here, Plaintiff's state law claims for age discrimination, retaliation, and unpaid wages relate closely to her FLSA and ADEA claims. The claims all arise out of a common

nucleus of operative facts: Plaintiff's employment and subsequent termination by Defendant PrimeFlight. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**E.     Second Basis for Removal:  Diversity Jurisdiction**

12.     This action is also properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

      **a.  The Amount in Controversy Exceeds $75,000**

13.     This is an action to recover damages for alleged violations of the FLSA, FMWA, ADEA and FCRA.

14.     Plaintiff's Complaint seeks recovery of back pay, front pay unpaid wages, liquidated damages, and compensation damages. *See* Exhibit B. Plaintiff also seeks declaratory and injunctive relief and damages as well as attorneys' fees (*Id.*).

15. At the time of her alleged wrongful termination, Plaintiff's annualized wage rate was approximately $16,848.52[3] per year, not including the value of employee benefits. A conservative estimate of the anticipated trial date in this matter is May 2019. Although Defendants will dispute the facts and/or amount of any damages, the "amount in controversy" of any back wages at the time of an anticipated trial date of May 2019 – a period of 3 years following plaintiff's alleged discharge – is approximately $50,545.56 not including the value of alleged lost benefits, which would only add to this amount. Plaintiff also seeks front pay, which would be estimated at $16,848.52 per year into the future. *See* Exhibit B, Complaint, Count VI, Wherefore paragraph D.

16. Plaintiff's Complaint also seeks the payment of allegedly unpaid wages pursuant to the FLSA. *See* Complaint, Counts IV and V. Plaintiff also seeks "double damages/liquidated damages" under Count IV and Count V of the Complaint.

17. Plaintiff's Complaint also seeks recovery of compensatory damages for her claim of mental anguish, personal suffering, and loss of enjoyment of life. *See* Exhibit B, Complaint, Page 13, Wherefore (c). Under the FCRA, a plaintiff may recover, among other things: compensatory damages including for mental anguish, loss of dignity, any other intangible injuries; and any other compensatory damages allowable at law. *See* Fla. Stat. §760.11(5). The fact that a plaintiff can potentially be awarded thousands of dollars in compensatory damages for the potential mental anguish surrounding the alleged discrimination or other injuries and awarded back pay/front pay damages, must be considered in determining the jurisdictional amount of a claim. See *Leslie v. BancTec Service Corp.*, 928 F. Supp. 341, 350 (S.D.N.Y. 1996).

---

[3] This is an estimate based on the earnings from Plaintiff's 21 weeks worked in 2016 (*See* Exhibit C, Declaration of Scott Mayer).

5

18. Plaintiff's Complaint also seeks recovery of "reasonable attorneys' fees" in Count I: Breach of Agreement against Primeflight, Wherefore Clause; Count II: Quantum Meruit against Primeflight, Wherefore Clause; Count III: Unjust Enrichment against Primeflight, Wherefore Clause; Count IV: FLSA violation against Primeflight under 29 U.S.C. §201 *et seq*, Wherefore Clause; Count V: FLSA violation against Wolken, Wherefore Clause; Count VI: ADEA Violation against Primeflight, Wherefore Clause; Count VII: Retaliation in Violation of the ADEA against Primeflight, Wherefore Clause; Count VIII: Age Discrimination in Violation of the FCRA against Primeflight, Wherefore Clause; and Count IX: Retaliation in violation of the FCRA against Primeflight, Wherefore Clause. *See* Exhibit B. Attorneys' fees in employment actions are often in the six figures. *See, e.g., Mock v. Bell Helicopter Textron Inc.,* No. 6:04-cv-1415, 2010 WL 5066121(M.D. Fla. 2010) (awarding plaintiff $342,207.81 in attorneys' fees pursuant to Fla. Stat. § 448.08 in an employment discrimination action); *Hingson v. MMI of Florida, Inc.,* 8 So.3d 398 (Fla. 2d DCA 2009), *reh'g denied,* May 6, 2009 (confirming award of $112,000 in attorneys' fees pursuant to Fla. Stat. § 448.08 in an unpaid commissions action).

19. Here, Plaintiff's Complaint makes an unspecified demand for damages. *See* Exhibit B, Complaint ¶ 3 ("this is an action for damages that exceeds the jurisdictional amount of Fifteen Thousand Dollars ($15,000), exclusive of interest, costs, and attorneys' fees"). Accordingly, Defendants "must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the applicable jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996) (emphasis in original)). Importantly, "[t]he point is that a removing defendant is not required to prove the amount in controversy beyond all

6

doubt or to banish all uncertainty about it" and a defendant can meet its burden "with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754 (holding "that kind of reasoning is not akin to conjecture, speculation or star gazing").

20. Here, Defendants can satisfy the burden established by *Pretka* and its progeny that removal of this unpaid wages and retaliation and declaratory and injunctive relief and damages case is proper for the following reasons:

(a) As established above, by the time trial is held in this case the amount of back pay in dispute will likely exceed $50,545.56, not including the value of alleged lost benefits. *See Cashman v. Host International, Inc.*, No. 8:10-cv-1197-T-30MAP, 2010 U.S. Dist. LEXIS 123164, at *4-5 (M.D. Fla. 2010) (holding removal proper; "consideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation. It is, instead, extrapolation of the submitted evidence which is permitted under *Pretka*.").

(b) Plaintiff will also seek front pay in the amount of approximately $16,848.52 per year (her annualized wage rate at the time of her alleged termination) after the anticipated May 2019 trial date.

(c) Plaintiff's Complaint also seeks allegedly unpaid wages with an equal amount of liquidated damages pursuant to the Fair Labor Standards Act.

(d) Plaintiff's Complaint seeks a compensatory damages award and such awards in employment cases routinely exceed the jurisdictional amount by themselves. *See, e.g., Mullaney v. Endogastric Solutions, Inc.*, No. 11-62056-CIV, 2011 U.S. Dist. LEXIS 120918, at *5 (S.D. Fla. 2011) (holding removal proper where defendant established amount in controversy with

"case law from this district as well as trial verdicts and jury settlements in similar products liability cases").

(e) Plaintiff's Complaint seeks recovery of an award of reasonable attorneys' fees in Count I: Breach of Agreement against Primeflight, Wherefore Clause; Count II: Quantum Meruit against Primeflight, Wherefore Clause; Count III: Unjust Enrichment against Primeflight, Wherefore Clause; Count IV: FLSA violation against Primeflight under 29 U.S.C. §201 *et seq*, Wherefore Clause; Count V: FLSA violation against Wolken, Wherefore Clause; Count VI: ADEA Violation against Primeflight, Wherefore Clause; Count VII: Retaliation in Violation of the ADEA against Primeflight, Wherefore Clause; Count VIII: Age Discrimination in Violation of the FCRA against Primeflight, Wherefore Clause; and Count IX: Retaliation in violation of the FCRA against Primeflight, Wherefore Clause. The law of the Eleventh Circuit, and others, states that the "amount in controversy" must include a plaintiff's attorneys' fees when a cause of action entitles a party to receive attorneys' fees. *See Field v. National Life Ins. Co.,* Case No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *4 (M.D. Fla. 2001); *Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412, 1419 (N.D. Fla. 1996); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1991); *Linkemar v. Health Care & Ret. Corp. of Am.*, Case No. 996909-CIV-HIGHSMITH, 1999 WL 984428, at *2 (S.D. Fla. 1999); *Denbo Iron & Metal Co. v. Transportation Ins. Co.*, 792 F. Supp. 1234, 1235 (N.D. Ala.1992); *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D.Ga.1988).

21. From the foregoing and the attached exhibits, Defendants have established – given the aggregate total of the back pay, fringe benefits, front pay, compensatory damages and

attorneys' fees claimed in Plaintiff's Complaint – that "the amount in controversy more likely than not exceeds the applicable jurisdictional requirement." *Pretka,* 608 F.3d at 752.

### b. Complete Diversity of Citizenship Exists

22. For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted). "A person's domicile is determined by a review of the 'totality of the evidence' . . . ." *Comprehensive Care Corp v. Katzman*, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. 2009) (citing *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. 2001)). Evidence that may be factored into a court's consideration includes affidavits and other testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property, and place of employment. *See e.g., Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); *Smyth v. Hillstone Rest. Group, Inc.*, No. 13-80217, 2013 WL 2048188, at *2 (S.D. Fla. 2013).

23. Here, given the totality of the evidence, there can be no doubt that Plaintiff is, and was at the time of filing the Complaint and at the time of removal, a citizen of the State of Florida. Plaintiff used a Florida address as her permanent address or place of residence on employment-related documents during her employment with Defendant. (S*ee* Exhibit C, Declaration of Scott J. Mayer, ¶10). As a permanent resident of Florida, Plaintiff is domiciled in, and therefore a citizen of the state of Florida. *See Molinos Valle Del Cibao, C. por A. v.*

*Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile). *See also Smyth*, 2013 WL 2048188 at *2.

24. Pursuant to 28 U.S.C. § 1332(c), for the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business. Defendant PrimeFlight Aviation Services, Inc. is organized under the laws of the state of Ohio and has its principal place of business in Nashville, TN. Therefore, PrimeFlight Aviation Services, Inc. is a citizen of the State of Ohio and Tennessee. *See* Exhibit C, Declaration of Scott J. Mayer, ¶5.

25. Defendant Wolken is a citizen of Tennessee. *See* Exhibit C, Declaration of Scott J. Mayer, ¶6.

26. Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

**F.     Consent of All Defendants**

27. Under 28 U.S.C. § 1446(b)(2)(A), all defendants properly joined and served in the state court action must join in or consent to the removal. *See, e.g., Williams v. Equifax Info. Sys. LLC*, 359 F.Supp.2d 1284, 1286 (M.D.Fla. 2005).

28. As demonstrated by the fact that this Notice of Removal is jointly filed by both Defendants, who are represented by the same counsel, all defendants have timely consented to removal.

**G.     Other Procedural Requirements**

29. Written notice of the filing of this notice will be given to counsel for Plaintiff and notice will be promptly filed with the Clerk of the Florida Circuit Court – Fifteenth Judicial Circuit, Hillsborough County. *See* Exhibit D, Notice of Filing Notice of Removal filed with the State Court.

30. Accordingly, the case is properly removed to United States District Court for the Southern District of Florida.

WHEREFORE, Defendants give notice that the above action now pending against it in Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, be removed therefrom to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL  33602
Telephone:  813.289.1247
Facsimile:  813.289.6530

*s/ Gretchen M. Lehman*
Gretchen M. Lehman, FL 46365
gretchen.lehman@ogletree.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, via U.S. Mail, prepaid postage.

*s/ Gretchen M. Lehman*
Gretchen M. Lehman

## **SERVICE LIST**

BELGICA VILLAMAR v.
PRIMEFLIGHT AVIATION SERVICES, INC. AND KEITH G. WOLKEN
*UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA*

Eric W. Nicastro, Esq.
Waynice A. Green, Esq.
Pacin Levine, P.A.
1150 NW 72nd Ave, Suite 600
Miami, FL 33126
pleadings@pl-law.com
*ATTORNEY FOR PLAINTIFF*

33892786.1