# EXHIBIT A

Filing # 68482395 E-Filed 02/26/2018 05:05:28 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>BELGICA VILLAMAR</u>
Plaintiff
   vs.
<u>PRIMEFLIGHT AVIATION SERVICES INC, KEITH G WOLKEN</u>
Defendant

### II.    TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more
  ☐ Homestead residential foreclosure $0 – 50,000
  ☐ Homestead residential foreclosure $50,001 - $249,999
  ☐ Homestead residential foreclosure $250,000 or more
  ☐ Non-homestead residential foreclosure $0 - $50,000
  ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical
  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>9</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☒ Yes
- ☐ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marc Pacin</u>   FL Bar No.: <u>56660</u>
Attorney or party

(Bar number, if attorney)

<u>Marc Pacin</u>   <u>02/26/2018</u>
(Type or print name)                        Date

STATE OF FLORIDA ↟ PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office with redactions, if any as required by law.
THIS 26 DAY OF APRIL , 20 18
SHARON R. BOCK
CLERK & COMPTROLLER
By
DEPUTY CLERK

Filing # 68482395 E-Filed 02/26/2018 05:05:28 PM

BELGICA VILLAMAR,

    Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.
and KEITH G. WOLKEN,

    Defendants.

_____/

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.:

Division:

Florida Bar No.: 120275

## COMPLAINT

Plaintiff, BELGICA VILLAMAR ("Plaintiff"), by and through the undersigned counsel,

hereby sues Defendants, PRIMEFLIGHT AVIATION SERVICES, INC. a Foreign Profit

Corporation, and KEITH G. WOLKEN, (collectively "Defendants"), and in support thereof

avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages and retaliation under the Fair Labor

   Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the Florida Minimum Wage Act,

   Fla. Stat. §§ 448 *et seq.* ("FMWA").

2. Plaintiff also seeks declaratory and injunctive relief and damages pursuant to the Age

   Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the

   Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"); to

   redress injuries resulting from Defendant's unlawful, age-based discriminatory treatment

   and retaliation against Plaintiff. This Court has jurisdiction over Plaintiff's FLSA claims

   pursuant to the 29 U.S.C. § 216.

3. This is an action for damages that exceeds the jurisdictional amount of Fifteen Thousand

   Dollars ($15,000.00), exclusive of interest, costs and attorney's fees, thereby invoking

   the subject matter jurisdiction of this Court.

Pacin Levine, P.A.
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 · Telephone: (305) 760-9085 · Facsimile: (786) 800-3611

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 02/26/2018 05:05:28 PM

4. Plaintiff is a covered employee for purposes of the FLSA and FMWA.

5. Defendant, PRIMEFLIGHT AVIATION SERVICES, INC., is a Foreign Profit Corporation, engaged in substantial activity in Palm Beach County Florida, where Plaintiff worked for Defendants and at all times material hereto, was and is engaged in interstate commerce.

6. Defendant, KEITH G. WOLKEN, is a Corporate Officer of, and exercised operational control over the activities of, Corporate Defendant, PRIMEFLIGHT AVIATION SERVICES, INC.

7. Venue is proper in Palm Beach County, Florida because all the actions that form the basis of this Complaint occurred within Palm Beach County, Florida and payment was due in Palm Beach County, Florida.

8. All conditions precedent for the filing of this action before this Court have been previously met, or been excused, including the exhaustion of all pertinent administrative procedures and remedies.

### GENERAL AND FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. From 2008 to on or about May 25, 2016, Plaintiff worked for Defendants, as a curbside assistant.

10. Defendant, PRIMEFLIGHT AVIATION SERVICES, INC., at all pertinent times, operated as a business which provided major airlines and airports with the ground handling services, aircraft services and terminal services necessary for the safe and reliable operation of aircraft and the comfort and enjoyment of passengers.

11. Plaintiff was an employee of Defendants, performing duties in Palm Beach County, Florida.

12. Throughout Plaintiff's employment, Plaintiff worked approximately forty (40) hours per week.

13. Plaintiff's pay rate was $5.75 at the time of her termination.

14. Defendant failed to adequately pay Plaintiff for all hours worked.

15. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

16. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

17. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

18. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, *Fla Stat. Section 760.01, et seq.*

19. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, *Fla Stat. Section 760, et seq.*

20. Plaintiff is above the age of forty and within a class of individuals protected by the ADEA, and the FCRA.

21. Due to Plaintiff's age, Plaintiff was belittled by her supervisor, Ms. Terri Gasch, and treated differently than other younger similarly situated individuals.

22. Plaintiff complained about the discriminatory treatment to her supervisor.

23. Plaintiff along with several other employees over the age of forty (40), were terminated/ let go.

24. About ten (10) to thirteen (13) younger individuals with less experience were then hired, to replace Plaintiff and the other older employees.

25. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

26. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination and retaliation on the basis of her age; throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels

27. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned reasonable attorneys' fees.

## COUNT I
### BREACH OF AGREEMENT AGAINST
### PRIMEFLIGHT AVIATION SERVICES, INC.

28. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

29. Plaintiff entered into an employment agreement with Defendant, whereby Plaintiff would provide services for Defendant and in exchange, Defendant would compensate Plaintiff for the services provided.

30. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement.

31. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has breached the agreement;

    B.  Award Plaintiff damages exclusive of pre-judgment interest;

    C.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    D.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
### *QUANTUM MERUIT AGAINST*
### *PRIMEFLIGHT AVIATION SERVICES, INC.*

32. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

33. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

34. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

35. Defendant accepted Plaintiff's services to Defendant.

36. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked and services provided for Defendant.

37. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Plaintiff is entitled to damages under *quantum meruit*;

    B.  Award Plaintiff damages in the amount of the reasonable values of the services

performed and provided for Defendant;

C. Award Plaintiff the interest and costs of this action, together with reasonable attorneys' fees; and

D. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### UNJUST ENRICHMENT AGAINST
### PRIMEFLIGHT AVIATION SERVICES, INC.

38. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

39. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

40. Defendant has knowledge of the services performed and provided by Plaintiff.

41. Defendant voluntarily accepted the services performed and provided by Plaintiff.

42. Defendant unjustly benefits from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked and for services provided for Defendant.

43. To the extent no adequate legal remedy exists, Plaintiff seeks damages for the value of the work performed for Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Plaintiff is entitled to damages for unjust enrichment against Defendant;

B. Award Plaintiff damages in the amount of the reasonable values of the services performed and provided for Defendant;

C. Award Plaintiff the interest and costs of this action, together with reasonable

attorneys' fees; and

D. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FLSA VIOLATION AGAINST*
### *PRIMEFLIGHT AVIATION SERVICES, INC.*

44. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

45. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

46. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

47. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

48. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

49. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

50. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

51. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages to be due for unpaid wages, with interest;

    C.  Award Plaintiff an equal amount in double damages/liquidated damages;

    D.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
***FLSA VIOLATION AGAINST KEITH G. WOLKEN***

52. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

53. At the times mentioned, Defendant, KEITH G. WOLKEN was a Corporate Officer of Corporate Defendant, PRIMEFLIGHT AVIATION SERVICES, INC.

54. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer, FLOOR AND DECOR OUTLETS OF AMERICA INC, in relation to Plaintiff.

55. Defendant had day-to-day operational control of the business and is thus jointly liable for Plaintiff's damages.

56. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages,

with interest;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### ADEA VIOLATION AGAINST PRIMEFLIGHT AVIATION SERVICES, INC.

57. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 above as if set out in full herein.

58. Plaintiff is a member of a protected class under the ADEA.

59. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected Plaintiff to age-based animosity.

60. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was in her sixties[1].

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

63. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

---

[1] Plaintiff was born December 10, 1948.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

66. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
*RETALIATION IN VIOLATION OF THE ADEA*
*AGAINST PRIMEFLIGHT AVIATION SERVICES, INC.*

68. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

69. Plaintiff is a member of a protected class under the ADEA.

70. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

71. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

72. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

73. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights

under federal law.

74. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

75. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT VIII
### *AGE DISCRIMINATION IN VIOLATION OF THE FCRA*
### *AGAINST PRIMEFLIGHT AVIATION SERVICES, INC.*

76. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 above as if set out in full herein.

77. Plaintiff is a member of a protected class under the FCRA.

78. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

79. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty.

80. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

81. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

82. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

83. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

84. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

85. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

86. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
### *RETALIATION IN VIOLATION OF THE FCRA*
### *AGAINST PRIMEFLIGHT AVIATION SERVICES, INC.*

87. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

88. Plaintiff is a member of a protected class under the FCRA.

89. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

90. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

91. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

92. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

93. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

94. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 26, 2018

Respectfully submitted,

*Attorneys for Plaintiff*
1150 NW 72nd Avenue, Suite 600
Miami, FL 33126
(305) 760-9085- Telephone
(786) 800-3611- Facsimile


By: ___*Signed electronically to avoid delay*_____
Eric W. Nicastro, Esq.
Florida Bar No. 120275
Waynice A. Green, Esq.
Florida Bar No. 0116175
Pleadings Email: pleadings@pl-law.com


STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS 26 DAY OF APR ,20 18
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

**Pacin Levine, P.A.**
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611



**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
2555929

Printed On:
02/27/2018 03:52
Page 1 of 1

| Receipt Number: 2555929 - Date 02/27/2018  Time 3:52PM | |
|---|---|
| **Received of:** | Marc Pacin<br>1150 NW 72nd Avenue<br>Suite 600<br>Miami, FL 33126 |

| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
|---|---|---|---|
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 8795275 | **Remaining Balance:** | 0.00 |
| **Division:** | AI: Circuit Civil Central - AI(Civil) | | |

**Case# 50-2018-CA-002394-XXXX-MB -- PLAINTIFF/PETITIONER: VILLAMAR, BELGICA**

| Item | Balance | Paid | Bal Remaining |
|---|---|---|---|
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 20815944 | 401.00 |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?** We want to hear your comments or questions.  Please e-mail
your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS 26 DAY OF APRIL ,20 18
SHARON R. BOCK
CLERK & COMPTROLLER
By
DEPUTY CLERK

Filing # 68575037 E-Filed 02/28/2018 11:01:14 AM

BELGICA VILLAMAR,

      Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.
and KEITH G. WOLKEN,

      Defendants.

_____/

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 50-2018-CA-002394

Florida Bar No.: 0116175

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request for Admissions, Request for Production, Notice of Taking Deposition and Interrogatories in the above-styled action on Defendant:

PRIMEFLIGHT AVIATION SERVICES INC.
A FOREIGN PROFIT CORPORATION
7135 CHARLOTTE PIKE, SUITE 100
NASHVILLE, TN 37209-5015

## IMPORTANT

      A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

**Pacin Levine, P.A.**
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 · Telephone: (305) 760-9085 · Facsimile: (786) 800-3611

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciaries ont été entreprises contre vous.  Vous avez 20 jours consecuitfs à partir de la date de l'assignation de cet citation pour deposer une response écrite à la plainte ci-jointe auprés de ce Tribunal.  Un simple coup de téléphone est insuffisant pour vous protéger; vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et do nom des parties nommées ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne déposez pas votre reponse écrite dans le relia requis, vous risquez de perdre la cause ainsi que votre salaire, votre agent, et vos biens peuvent être saisis par la suite, sans aucun préavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez réquerir les services immediats d'un avocat.  Si vous ne connaissez pas de'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une résponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Petitioner's Attorney" named below.

*Attorneys for Plaintiff*
1150 NW 72nd Avenue, Suite 600
Miami, FL 33126
(305) 760-9085- Telephone
(786) 800-3611- Facsimile

By: _____
Waynice A. Green, Esq.
Florida Bar No. 0116175
Pleadings Email: pleadings@pl-law.com

THE STATE OF FLORIDA

YOU ARE COMMANDED to serve this Summons, Complaint and Discovery:

DATED ON _____Mar 01 2018_____.

CLERK OF THE CIRCUIT COURT

By: *Shannon Fatu*

Deputy Clerk
SHANNON FATU

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS **26** DAY OF **APRIL** ,20 **18**
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

**Pacin Levine, P.A.**
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611

Filing # 68575037 E-Filed 02/28/2018 11:01:14 AM

BELGICA VILLAMAR,

      Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.
and KEITH G. WOLKEN,

      Defendants.

_____/

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 50-2018-CA-002394

Florida Bar No.: 0116175

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request for Admissions, Request for Production, Notice of Taking Deposition and Interrogatories in the above-styled action on Defendant:

KEITH G. WOLKEN
7135 CHARLOTTE PIKE, SUITE 100
NASHVILLE, TN 37209-5015

## IMPORTANT

      A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

**Pacin Levine, P.A.**
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont été entreprises contre vous.  Vous avez 20 jours consecuitfs à partir de la date de l'assignation de cet citation pour deposer une response écrite à la plainte ci-jointe auprés de ce Tribunal.  Un simple coup de téléphone est insuffisant pour vous protéger; vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et do nom des parties nommées ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne déposez pas votre reponse écrite dans le relia requis, vous risquez de perdre la cause ainsi que votre salaire, votre agent, et vos biens peuvent être saisis par la suite, sans aucun préavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez réquerir les services immediats d'un avocat.  Si vous ne connaissez pas de'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une résponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Petitioner's Attorney" named below.

*Attorneys for Plaintiff*
1150 NW 72nd Avenue, Suite 600
Miami, FL 33126
(305) 760-9085- Telephone
(786) 800-3611- Facsimile

By: _____
Waynice A. Green, Esq.
Florida Bar No. 0116175
Pleadings Email: pleadings@pl-law.com

THE STATE OF FLORIDA

YOU ARE COMMANDED to serve this Summons, Complaint and Discovery:

DATED ON _____Mar 01 2018_____.

CLERK OF THE CIRCUIT COURT

By: _____

Deputy Clerk
SHANNON FATU

STATE OF FLORIDA * PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS **26** DAY OF **APRIL**, 20**18**
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

**Pacin Levine, P.A.**
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611



**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
2560409

Printed On:
03/01/2018 02:28
Page 1 of 1

| Receipt Number: 2560409 - Date 03/01/2018  Time 2:28PM | | | |
|---|---|---|---|
| **Received of:** | Marc Pacin<br>1150 NW 72nd Avenue<br>Suite 600<br>Miami, FL 33126 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 20.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 20.00 |
| **Receipt ID:** | 8800000 | **Remaining Balance:** | 0.00 |
| **Division:** | AI: Circuit Civil Central - AI(Civil) | | |

| Case# 50-2018-CA-002394-XXXX-MB -- PLAINTIFF/PETITIONER: VILLAMAR, BELGICA | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 20.00 | 20.00 | 0.00 |
| **Case Total** | **20.00** | **20.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 20834230 | 20.00 |
| **Total Received** | | **20.00** |
| **Total Paid** | | **20.00** |

**How was your service today?**  We want to hear your comments or questions.  Please e-mail your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing  is a
true copy of the record in my office with
redactions, if any as required by law.
THIS **26** DAY OF **APRIL** ,20**18**
SHARON R. BOCK
CLERK & COMPTROLLER
By
DEPUTY CLERK

Filing # 68793612 E-Filed 03/05/2018 02:24:02 PM

BELGICA VILLAMAR,                          IN THE CIRCUIT COURT OF THE
                                           15TH JUDICIAL CIRCUIT, IN AND FOR
        Plaintiff,                         PALM BEACH COUNTY, FLORIDA

v.
                                           Case No.: 50-2018-CA-002394
PRIMEFLIGHT AVIATION SERVICES, INC.
and KEITH G. WOLKEN,

        Defendants.                        Florida Bar No.: 0116175
_____/

## NOTICE OF TAKING DEPOSITION
### (Please advise if an interpreter is necessary)

**PLEASE TAKE NOTICE** that the undersigned attorney will take the deposition of:

**NAME:**        **Keith G. Wolken**

**DATE:**        **Thursday, May 10, 2018**

**TIME:**        **2:00PM**

**PLACE:**       **PACIN LEVINE, P.A.**
                 **1150 NW 72nd Avenue**
                 **Suite 600**
                 **Miami, FL 33126**

The deposition may continue from day to day until completed. The deposition will be taken before an officer authorized to record the testimony. The Deposition is being taken for the purpose of discovery, for use at Trial, or for such other purposes as are permitted under the Rules of Court, before, **PACIN LEVINE, P.A.**, Notary Public, or for some other office authorized by law to administer oath, who is not a relative or employee or attorney or counsel of any of the parties, or a relatives or employee of such attorney or counsel, or financially interested in the action, and pursuant to adjournments, if any, by said officer until said testimony shall be completed. You are hereby notified to be present at the time and place stated, if you so desire.

*(Certificate of Service on next page)*

Pacin Levine, P.A.
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing has been

served with the Summons, Complaint & Discovery.

> Pacin Levine, P.A.
> *Attorneys for Plaintiff*
> 1150 NW 72nd Avenue, Suite 600
> Miami, FL 33126
> (305) 760-9085- Telephone
> (786) 800-3611- Facsimile

By:  *Signed electronically to avoid delay*
> Waynice A. Green, Esq.
> Florida Bar No. 0116175
> Pleadings Email: pleadings@pl-law.com

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS **26** DAY OF **APRIL** , 20**18**
SHARON R. BOCK
CLERK & COMPTROLLER
By

DEPUTY CLERK

Pacin Levine, P.A.
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126  • Telephone: (305) 760-9085  • Facsimile: (786) 800-3611

Filing # 68793612 E-Filed 03/05/2018 02:24:02 PM

BELGICA VILLAMAR,

      Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.
and KEITH G. WOLKEN,

      Defendants.

_____/

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 50-2018-CA-002394

Florida Bar No.: 0116175

## NOTICE OF TAKING DEPOSITION
### (Please advise if an interpreter is necessary)

**PLEASE TAKE NOTICE** that the undersigned attorney will take the deposition of:

**NAME:**    Corporate Representative(s) with the most knowledge from
**PRIMEFLIGHT AVIATION SERVICES INC.**, about the matters listed
on "Schedule A" attached hereto and made a part hereof.

**TIME:**    **10:30AM**

**DATE:**    **Thursday, May 10, 2018**

**PLACE:**    **PACIN LEVINE, P.A.**
**1150 NW 72nd Avenue**
**Suite 600**
**Miami, FL 33126**

The deposition may continue from day to day until completed. The deposition will be taken before
an officer authorized to record the testimony. The Deposition is being taken for the purpose of
discovery, for use at Trial, or for such other purposes as are permitted under the Rules of Court,
before, **PACIN LEVINE, P.A.**, Notary Public, or for some other office authorized by law to
administer oath, who is not a relative or employee or attorney or counsel of any of the parties, or
a relatives or employee of such attorney or counsel, or financially interested in the action, and
pursuant to adjournments, if any, by said officer until said testimony shall be completed.
You are hereby notified to be present at the time and place stated, if you so desire.

*(Certificate of Service on next page)*

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing has been

served with the Summons, Complaint & Discovery.

> Pacin Levine, P.A.
> *Attorneys for Plaintiff*
> 1150 NW 72nd Avenue, Suite 600
> Miami, FL 33126
> (305) 760-9085- Telephone
> (786) 800-3611- Facsimile

By:    *Signed electronically to avoid delay*
> Waynice A. Green, Esq.
> Florida Bar No. 0116175
> Pleadings Email: pleadings@pl-law.com

# "Schedule A"

a.  Plaintiff's work duties for Defendant;

b.  Preparation and assignment of corporation's work;

c.  Maintenance and recording of corporation's gross revenues;

d.  Maintenance and preservation of payroll and/or of the records containing information and data with respect to the corporation;

e.  All tax information relating to the corporation;

f.  Plaintiff's weekly work schedule;

g.  Preparation and assignment of Plaintiff's work schedule;

h.  Maintenance and recording of Plaintiff's hours worked;

i.  Maintenance and preservation of payroll and/or other records containing information and date with respect to Plaintiff;

j.  Time cards, sign-in sheets, time and attendance sheet, and other documents which indicate or reflect the hours worked by Plaintiff during the course of employment with the Defendant;

k.  Paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to, as well as deduction taken from, Plaintiff by the Defendant during the course of employment with the Defendant;

l.  Plaintiffs' personnel file, including job descriptions, specifications, or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of Plaintiff's employment with the Defendant and/or its affiliates;

m.  Defendant's policies, practices, and procedures related to time-keeping and to payment of minimum wage and overtime compensation during the time period relevant to this case;

n.  The number of hours worked by Plaintiff, including the time of day and day of the week on which Plaintiffs' workweek began, and the starting time and length of Plaintiffs' work period;

o. Plaintiffs' regular hourly rate of pay for any workweek in which overtime compensation is due and the basis of pay indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis; regular hourly rate of pay, on which time and a half must be paid and was paid; basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis;

p. Non-privilege/non-confidential investigative reports, court orders, correspondence or other documents related to the deposition of any and all wage claim/or wage and hour complaints filed against the Defendant by any of its current or former employees;

q. Non-privilege/non-confidential documents submitted by the Defendant to the United States Department of Labor or any similar entity or the Florida Department of Labor (Fair Standards Division) regarding either agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period;

r. Documents which Defendant claims will substantiate or otherwise support any asserted defense for exemption from the requirement to pay minimum wages or overtime wages;

s. Regulations, orders, rulings, approvals, interpretations, administrative practices or enforcement of the Administrator of the Wage-Hour Division upon which the Defendant relies in defense of this action;

t. Defendant's policies regarding periodic employee evaluations of performance reviews and;

u. Reason(s) for Plaintiff's termination;

v. Terminations of employees similarly-situated to Plaintiff at the Defendant's location where Plaintiff was employed;

w. The qualifications of employees similarly-situated to Plaintiff at the Defendant's location were Plaintiff was employed;

x. Defendant's policies regarding periodic employee evaluation and performance reviews; and

y. Defendant's affirmative defense that all actions taken against Plaintiff were for legitimate non-retaliatory reasons;

z. Defendant's employment when any training manual for Plaintiff's employment with Defendant provided to Plaintiff in any electronic or printed format;

aa. Duplicates of any notices posters or prints providing information to any of Defendant's employees which are or were posted in common areas, breakrooms, lunch rooms, or locker area of Plaintiff's work place during the Plaintiff's period of employment;

bb. Defendant's policies and procedures regarding medical leave, bereavement leave, jury duty or compliance with the family medical leave act;

cc. The numbers of hours worked by Plaintiff including the time of day and day of the week on which Plaintiff work week begin and the starting time and length of Plaintiff's work.

dd. Defendant's investigation of any allegations of discrimination made by Plaintiff;

ee. Defendant's anti-discrimination and anti-harassment policies;

ff. Defendant's communications with the EEOC regarding Plaintiffs Charge of Discrimination; and

*In addition to the above areas of inquiry, please also be advised of the following general requirements governing the duties of a corporation in designating a 30(b)(6)/1.310(b)(6) representative:*

a. The testimony of a Rule 30(b)(6)/1.310(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents. The corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation. A rule 30(b)(6)/1.310(b)(6) witness need not have personal knowledge of the designated subject matter, and the duty to prepare a Rule 30(b)(6)/1.310(b)(6) witness goes beyond matters personally known to the designee or to matters in which the designated witness was personally involved. The duty extends to matters reasonably known to the responding party.

b. The designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed herein. The corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects. The mere fact that an organization no longer employs a person with knowledge on the specified topics does not relieve the organization of the duty to prepare and produce an appropriate designee. Faced with such a scenario, a corporation with no current knowledgeable employees must prepare its designees

by having them review available materials, such as fact witness deposition testimony, exhibits to depositions, documents produced in discovery, materials in former employees' files and, if necessary, interviews of former employees or other with knowledge. In other words, a corporation is expected to create an appropriate witness or witnesses from information reasonably available to it if necessary. As a corollary to the corporation's duty to designate and prepare a witness, it must perform a reasonably inquiry for information that is reasonably available to it.

c.    A corporate designee must provide responsive answers even if the information was transmitted through the corporation's lawyers.    In responding to a Rule 30(b)(6)/1.310(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position and that a corporate deposition is therefore unnecessary.    Similarly, a corporation cannot point to interrogatory answers in lieu of producing a live, in-person corporate representative designee.

d.    Preparing a Rule 30(b)(6)/1.310(b)(6) designee may be an onerous and burdensome task, but this consequence is merely an obligation that flows from the privilege of using the corporate form to do business. Not only must the designee testify about facts within the corporation's collective knowledge, including the results of an investigation initiated for the purpose of complying with the 30(b)(6)/1.310(b)(6) notice, but the designee must also testify about the corporation's position, beliefs and opinions. The rule implicitly requires the corporation to review all matters known or reasonable available to it in preparation for a Rule 30(b)(6)/1.310(b)(6) deposition.

e.    If it becomes apparent during the deposition that the designee is unable to adequately respond to relevant questions on listed subjects, then the responding corporation has a duty to timey designate additional, supplemental witnesses as substitute deponents. The rue provides for a variety of sanctions for a party's failure to comply with its Rule 30(b)(6)/1.310(b)(6) obligations, ranging from the imposition of cost to preclusion of testimony and even entry of default. The failure to properly designate a Rule 30(b)(6)/1.310(b)(6) witness can be deemed a nonappearance justifying the imposition of sanctions.

f.    When a corporation's designee legitimately lacks the ability to answer relevant questions on listed topics and the corporation cannot better prepare that witness or obtain an adequate substitute, then the "we-don't-know" response can be binding on the corporation and prohibit it from offering evidence at trial on those points. Phrased differently, the lack of knowledge answer is itself an answer which will bind the corporation at trial.    Similarly, a corporation which provides a 30(b)(6)/1.310(b)(6) designee who testifies that the corporation does not know the answers to the questions will not be allowed effectively to change its answer by introducing evidence at trial.

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS 26 DAY OF APRIL ,2018
SHARON R. BOCK
CLERK & COMPTROLLER
By
DEPUTY CLERK

Filing # 69572947 E-Filed 03/21/2018 09:39:48 AM

BELGICA VILLAMAR,

       Plaintiff,

v.

PRIMEFLIGHT AVIATION SERVICES, INC.
and KEITH G. WOLKEN,

       Defendants.

_____/

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 50-2018-CA-002394

Florida Bar No.: 0116175

## **SUMMONS**

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request for Admissions, Request for Production, Notice of Taking Deposition and Interrogatories in the above-styled action on Defendant:

PRIMEFLIGHT AVIATION SERVICES, INC.
c/o CT CORPORATION (REGISTERED AGENT)
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

## **IMPORTANT**

     A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

Pacin Levine, P.A.

1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont été entreprises contre vous.  Vous avez 20 jours consecuitfs à partir de la date de l'assignation de cet citation pour deposer une response écrite à la plainte ci-jointe auprés de ce Tribunal.  Un simple coup de téléphone est insuffisant pour vous protéger; vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et do nom des parties nommées ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne déposez pas votre reponse écrite dans le relia requis, vous risquez de perdre la cause ainsi que votre salaire, votre agent, et vos biens peuvent être saisis par la suite, sans aucun préavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez réquerir les services immediats d'un avocat.  Si vous ne connaissez pas de'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une résponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Petitioner's Attorney" named below.

Pacin Levine, P.A.
*Attorneys for Plaintiff*
1150 NW 72nd Avenue, Suite 600
Miami, FL 33126
(305) 760-9085- Telephone
(786) 800-3611- Facsimile

By:   *Signed electronically to avoid delay*
Waynice A. Green, Esq.
Florida Bar No. 0116175
Pleadings Email: pleadings@pl-law.com

THE STATE OF FLORIDA

YOU ARE COMMANDED to serve this Summons, Complaint and Discovery:

DATED ON   Mar 26 2018   .

CLERK OF THE CIRCUIT COURT

By:   Shannon Fatu
Deputy Clerk   SHANNON FATU

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS **26** DAY OF **APRIL** , 20 **18**
SHARON R. BOCK
CLERK & COMPTROLLER
By

DEPUTY CLERK

Pacin Levine, P.A.
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611

Filing # 69572947 E-Filed 03/21/2018 09:39:48 AM

BELGICA VILLAMAR,                              IN THE CIRCUIT COURT OF THE
                                               15TH JUDICIAL CIRCUIT, IN AND FOR
     Plaintiff,              PALM BEACH COUNTY, FLORIDA

v.
                                               Case No.: 50-2018-CA-002394
PRIMEFLIGHT AVIATION SERVICES, INC.
and KEITH G. WOLKEN,

     Defendants.              Florida Bar No.: 0116175

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the
Complaint, Request for Admissions, Request for Production, Notice of Taking Deposition and
Interrogatories in the above-styled action on Defendant:

PRIMEFLIGHT AVIATION SERVICES, INC.
c/o CT CORPORATION (REGISTERED AGENT)
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

## IMPORTANT

     A lawsuit has been filed against you. You have 20 calendar days after this Summons is
served on you to file a written response to the attached Complaint/Petition with the Clerk of this
Court. A phone call will not protect you. Your written response, including the case number given
above and the names of the parties, must be filed if you want the Court to hear your side of the
case. If you do not file your response on time, you may lose the case, and your wages, money, and
property may thereafter be taken without further warning from the Court. There are other legal
requirements. You may want to call an attorney right away. If you do not know an attorney, you
may call an attorney referral service or legal aid office (listed in the phone book).

Pacin Levine, P.A.

1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont été entreprises contre vous.  Vous avez 20 jours consecuitfs à partir de la date de l'assignation de cet citation pour deposer une response écrite à la plainte ci-jointe auprès de ce Tribunal.  Un simple coup de téléphone est insuffisant pour vous protéger; vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et do nom des parties nommées ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne déposez pas votre reponse écrite dans le relia requis, vous risquez de perdre la cause ainsi que votre salaire, votre agent, et vos biens peuvent être saisis par la suite, sans aucun préavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez réquerir les services immediats d'un avocat.  Si vous ne connaissez pas de'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une résponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Petitioner's Attorney" named below.

Pacin Levine, P.A.
*Attorneys for Plaintiff*
1150 NW 72nd Avenue, Suite 600
Miami, FL 33126
(305) 760-9085- Telephone
(786) 800-3611- Facsimile

By: ___*Signed electronically to avoid delay*___
Waynice A. Green, Esq.
Florida Bar No. 0116175
Pleadings Email: pleadings@pl-law.com

THE STATE OF FLORIDA

YOU ARE COMMANDED to serve this Summons, Complaint and Discovery:

DATED ON ___Mar 26 2018___.

CLERK OF THE CIRCUIT COURT

By: _Shannon Fatu_
Deputy Clerk   SHANNON FATU

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS 26 DAY OF AMIC ,2018
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

Pacin Levine, P.A.
1150 NW 72nd Avenue, Suite 600, Miami, FL 33126 • Telephone: (305) 760-9085 • Facsimile: (786) 800-3611



**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT
2597797

Printed On:
03/26/2018 09:07
Page 1 of 1

| Receipt Number: 2597797 - Date 03/26/2018  Time 9:07AM | | | |
|---|---|---|---|

| Received of: | Marc Pacin<br>1150 NW 72nd Avenue<br>Suite 600<br>Miami, FL 33126 | | |
|---|---|---|---|
| Cashier Name: | ADMIN | **Balance Owed:** | 10.00 |
| Cashier Location: | E-Filing | **Total Amount Paid:** | 10.00 |
| Receipt ID: | 8839613 | **Remaining Balance:** | 0.00 |
| Division: | AI: Circuit Civil Central - AI(Civil) | | |

| Case# 50-2018-CA-002394-XXXX-MB -- PLAINTIFF/PETITIONER: VILLAMAR, BELGICA | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| EFiling_ACH | 21033439 | 10.00 |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

**How was your service today?** We want to hear your comments or questions.  Please e-mail
your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing  is a
true copy of the record in my office with
redactions, if any as required by law.
THIS **26** DAY OF **APRIL** ,20**18**
SHARON R. BOCK
CLERK & COMPTROLLER

By _____
DEPUTY CLERK

Filing # 70264104 E-Filed 04/04/2018 11:46:12 PM

State of Florida                County of Palm Beach                Circuit Court

Case Number: 50-2018-CA-002394



JDA2018000465

Plaintiff:
**BELGICA VILLAMAR,**

vs.

Defendants:
**PRIMEFLIGHT AVIATION SERVICES, INC.**
**and KEITH G. WOLKEN,**

For:
Eric W. Nicastro, Esq.
Pacin Levine, P.A.
1150 NW 72nd Avenue, Suite 600
Miami, FL 33126

Received by Litigation Process Servers, LLC on the **26th day of March, 2018** at **11:09 am** to be served on **PRIMEFLIGHT AVIATION SERVICES, INC., c/o CT CORPORATION (REGISTRED AGENT), 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Robert Little, do hereby affirm that on the **28th day of March, 2018** at **1:25 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS; COMPLAINT; NOTICE OF TAKING DEPOSITION; PLAINTIFF BELGICA VILLAMAR'S FIRST REQUEST FOR ADMISSIONS PROPOUNDED UPON PRIMEFLIGHT AVIATION SERVICES, INC.; PLAINTIFF BELGICA VILLAMAR'S REQUEST FOR PRODUCTION TO DEFENDANT PRIMEFLIGHT AVIATION SERVICES, INC; and PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT KEITH G. WOLKEN** with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Senior Corporate Operations Manager** for **PRIMEFLIGHT AVIATION SERVICES, INC., c/o CT CORPORATION (REGISTRED AGENT)**, at the address of: **1200 South Pine Island Road, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true and correct. Pursuant to Florida Statutes 92.525 and Fed. R. Civ. P. 4.

**Robert Little**
Process Server #1406

**Litigation Process Servers, LLC**
**11755 SW 18th Street, Suite 409**
**Miami, FL 33175**
**(305) 340-3100**

Our Job Serial Number: JDA-2018000465

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n

Filing # 70843022 E-Filed 04/17/2018 03:59:25 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL DISTRICT
IN AND FOR PALM BEACH COUNTY, FLORIDA

BELGICA VILLAMAR,

     Plaintiff,

vs.                                    Case No. 50-2018-CA-002394

PRIMEFLIGHT AVIATION
SERVICES, INC. and
KEITH G. WOLKEN,

     Defendants.
_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT BY DEFENDANT PRIMEFLIGHT AVIATION SERVICES, INC.

Defendant, PRIMEFLIGHT AVIATION SERVICES, INC., ("Defendant PrimeFlight") by and through its undersigned counsel hereby moves for an extension of time in which to respond to the Complaint filed by Plaintiff, BELGICA VILLAMAR.

1.     Plaintiff filed her Complaint against Defendant PrimeFlight and Defendant G. Wolken ("Defendant Wolken") on February 26, 2018.

2.     On March 28, 2018, service was made on an entity that was never Plaintiff's employer and is not the proper defendant.

3.     Counsel for Defendants has contacted counsel for Plaintiff to attempt to resolve this issue amicably and effect proper service on Defendant PrimeFlight.

4.     Accordingly, Defendant PrimeFlight respectfully requests a three-week extension of time for its response to the Complaint so that the parties can resolve the issue of service on

1

Defendant PrimeFlight, up to and including May 8, 2018.

5.    Defendant PrimeFlight respectfully asserts that the above constitutes good cause for an extension of time for Defendant PrimeFlight to respond to the Complaint. This extension of time is not sought for purposes of delay and no party will be prejudiced by the granting of this brief extension of time.

6.    Defendant PrimeFlight has conferred with counsel for Plaintiff, who has advised that she does not object to this extension of time.

WHEREFORE, PRIMEFLIHT AVIATION SERVICES, INC. respectfully requests an extension of time up to and including May 8, 2018 in which to respond to the Complaint.

Respectfully submitted this 17th day of April, 2018.

Respectfully submitted,

/s/ *Gretchen M. Lehman*
Gretchen M. Lehman, Esq.
FL Bar No. 46365
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
100 N. Tampa St., Suite 3600
Tampa, FL 33602
Telephone: 813-289-1247
Facsimile: 813-289-6530
Email: gretchen.lehman@ogletree.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on Tue, Apr 17, 2018, I filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:

2

Eric W. Nicastro, Esq.
Waynice A. Green, Esq.
1150 NW 72nd Ave., Suite 600
Miami, FL 33126
Email: pleadings@pl-law.com

/s/ *Gretchen M. Lehman*
Gretchen M. Lehman

33758151.1

3

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS 26 DAY OF APRIL ,20 18
SHARON R. BOCK
CLERK & COMPTROLLER
By
DEPUTY CLERK